ENVIRONMENTAL DEFENSE
FUND, INC., Plaintiff,

v.

F. David MATHEWS et al.,
Defendants.

Civ. A. No. 75–1811.

United States District Court,
District of Columbia,
Civil Division.

March 26, 1976.

John F. Dienelt, William A. Butler, E. D. F., Inc., Washington, D. C., for plaintiff.

William M. Cohen, Land and Natural Resources Div., Dept. of Justice, Washington, D. C., for defendants.

Jerome H. Heckman, Washington, D. C., for intervenor defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This is an action by the Environmental Defense Fund (EDF) against the Secretary of Health, Education and Welfare and the Commissioner of the Food and Drug Administration (FDA) for declaratory and injunctive relief under the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. (NEPA). EDF is a non-profit corporation whose members allegedly use and consume products regulated by FDA and are directly affected by the quality and environmental impact of those products. Consequently, the standards employed by FDA in deciding whether to permit the marketing of a given product have a direct and personal impact on EDF's members sufficient to confer standing on EDF to maintain this litigation. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Defendants are Federal officials with administrative responsibility for the FDA. The Society of the Plastics Industry, Inc., was granted leave to intervene as a defendant.

Plaintiff charges that a regulation promulgated by the Commissioner of FDA on April 2, 1975, 21 C.F.R. 6.1(a)(3) (amending regulation), as an amendment to FDA's existing regulations governing its obligations under NEPA unlawfully limits the scope of those obligations in violation of NEPA. Plaintiff filed a petition for review of this regulation in the United States Court of Appeals for the District of Columbia on May 5, 1975. (No. 75–1444) On October 10, 1975, the Court of Appeals dismissed the petition, finding that the District Court is the proper forum for review of this regulation. Plaintiff filed this action on October 31, 1975, and the case is now before the Court on cross-motions for summary judgment. For the reasons set forth below, the Court finds that the challenged regulation is in violation of NEPA and grants summary judgment to the plaintiff.

█ NEPA was enacted in 1969 as a mandate to the agencies of the Federal Government to take environmental considerations into account in their planning and decision-making "to the fullest extent possible." 42 U.S.C. § 4332. In one of the leading cases bearing specifically on the reach of NEPA, our appellate court stated:

[Every federal agency] is not only permitted but compelled to take environmental values into account. Perhaps the greatest importance of NEPA is to require the Atomic Energy Commission and other agencies to consider environmental issues just as they consider other matters within their mandates. Calvert Cliffs Coordinating Committee v. Atomic Energy Commission, 146 U.S.App.D.C. 33, 449 F.2d 1109, 1112 (1971).

NEPA does not supersede other statutory duties, but, to the extent that it is reconcilable with those duties, it supplements them. Full compliance with its requirements cannot be avoided unless such compliance directly conflicts with other existing statutory duties. 449 F.2d at 1115, fn. 12.

█ In 1973, FDA promulgated regulations implementing its obligations under NEPA. In recognition of the breadth of the NEPA mandate, the Commissioner declared that

. . . [T]he National Environmental Policy Act, as interpreted by the courts, amends the Federal Food, Drug and Cosmetic Act to the extent that it

requires the FDA to give full consideration without restrictions of time to all environmental issues relevant to FDA approval of food additive petitions, new drugs and new animal drugs. 38 Fed.Reg. 7001–2.

In April, 1975, FDA promulgated an amendment to this regulation which is the subject of this action. Said amendment reads:

A determination of adverse environmental impact has no legal or regulatory effect and does not authorize the Commissioner to take or refrain from taking any action under the laws he administers. The Commissioner may take or refrain from taking action on the basis of a determination of an adverse environmental impact only to the extent that such action is independently authorized by the laws he administers. 21 C.F.R. 6.1(a)(3).

In effect, the amending regulation limits the grounds on which the Commissioner of FDA can base any action to those expressly provided for in the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. (FDCA) or in other statutes which FDA administers. He is prohibited from acting solely on the basis of environmental considerations not identified in those statutes. This limitation of the agency's discretion to act in accordance with environmental considerations directly contravenes the mandate of NEPA to all Federal agencies to consider the environmental effects of their actions "to the fullest extent possible." [1]

Defendants contend that FDA's statutes, particularly the FDCA, dictate that it act only in accordance with specifically expressed criteria, and that to the extent that NEPA demands consideration of additional criteria, it is in direct conflict with those statutes. Accordingly, they maintain that such a direct statutory conflict exempts FDA from full compliance with NEPA.

■ It appears clear to us that, contrary to defendants' contention, FDA's existing statutory duties under the FDCA and its other statutes are not in direct conflict with its duties under NEPA. The FDCA does not state that the listed considerations are the only ones which the Commissioner may take into account in reaching a decision. Nor does it explicitly require that product applications be granted if the specified grounds are met. It merely lists criteria which the Commissioner must consider in reaching his decision. In the absence of a clear statutory provision excluding consideration of environmental factors, and in light of NEPA's broad mandate that all environmental considerations be taken into account, we find that NEPA provides FDA with supplementary authority to base its substantive decisions on all environmental considerations including those not expressly identified in the FDCA and FDA's other statutes. This conclusion finds support in the legislative history, the precise statutory language, the holdings of the courts, and the construction adopted by other Federal agencies.

■ This is not to say that NEPA requires FDA's substantive decisions to favor environmental protection over other relevant factors. Rather, it means that NEPA requires FDA to consider environmental factors in its decision-making process and supplements its existing authority to permit it to act on those considerations. It permits FDA to base a decision upon environmental factors, when balanced with other relevant considerations. Since the contested regulation prohibits FDA from acting on the basis of such environmental considerations, it is directly contrary to the letter and spirit of NEPA.

---

1. The Council on Environmental Quality, one of whose primary functions is to monitor and promote agency compliance with NEPA, advised FDA that it believes that the amending regulation is in violation of NEPA. (Plaintiff's Exhibits 3 and 4). The Environmental Protection Agency notified FDA that it concurs in the opinion expressed by CEQ. (Plaintiff's Exhibit 5) The FDA's obduracy in the face of these authoritative expressions, has caused this suit to be filed.

Defendants also contend that the amending regulation constitutes full compliance with NEPA because it does not prohibit "consideration" of environmental factors, but merely prohibits such factors from being the exclusive basis for agency action. This view clearly places form over substance. What possible purpose can be served by consideration of environmental factors without the concomitant authority to act on those considerations? As the Court of Appeals noted in *Calvert Cliffs*,

> What possible purpose could there be in requiring the "detailed statement" to be before hearing boards, if the boards are free to ignore entirely the contents of the statement? NEPA was meant to do more than regulate the flow of papers in the federal bureaucracy. 449 F.2d at 1117.

Requiring consideration without permitting action as a result would render the NEPA process futile and meaningless in a way which the Court in *Calvert Cliffs* found it was never intended to be.

Finally, defendant-intervenor argues that this regulation is not ripe for judicial consideration. The argument is without merit. The amending regulation constitutes final agency action.[2] It is the same type of NEPA-compliance regulation and it is at the same stage of implementation as the regulation reviewed by the Court of Appeals in *Calvert Cliffs*.

Accordingly, plaintiff's motion for summary judgment is granted. An Order consistent with the foregoing has been entered this date. This Memorandum Opinion shall constitute the Court's Findings of Fact and Conclusions of Law.

---

**2.** The introduction to the amending regulation entitled "Legal Effect of NEPA on Agency Action" contains the following language:

"The Commissioner further advises that this amendment to the regulations constitutes final agency action on this matter. It is the Commissioner's opinion that, since the activities of the Food and Drug Administration directly affect every person in this country, any such person has standing to obtain judicial review of this regulation in accordance with the provisions of 5 U.S.C. § 701 *et seq.*" 20 C.F.R., Part 6; 40 Fed.Reg. 16662.